With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23, section 3(d).

All Justices concur.

■

### In the Matter of: Michael F. YUDT, II.

### No. 64S00–0605–DI–161.

Supreme Court of Indiana.

March 9, 2007.

*ORDER CONVERTING SUSPENSION FOR NONCOOPERATION WITH THE DISCIPLINARY PROCESS TO INDEFINITE SUSPENSION*

On July 18, 2006, pursuant to Indiana Admission and Discipline Rule 23, section 10(f), this Court suspended Respondent from the practice of law in this State for failing to cooperate with the Disciplinary Commission concerning a grievance filed against Respondent. The Disciplinary Commission has now moved to convert Respondent's suspension to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23, section 10(f)(4). Respondent has not responded to the Commission's motion to convert the current suspension.

The Court finds that more than six months have passed since Respondent was suspended due to noncooperation with the disciplinary process. Accordingly, the Court concludes that Respondent's suspension should be converted to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23, section 10(f)(4).

IT IS THEREFORE ORDERED that Respondent's current suspension from the practice of law for failure to cooperate with the disciplinary process is converted to an indefinite suspension, effective immediately. To be readmitted to the practice of law in this State, Respondent must successfully petition this Court for reinstatement pursuant to Admission and Discipline Rule 23, section 4.

The Clerk of this Court is directed to forward notice of this order to Respondent by certified mail, return receipt requested, at his address as reflected in the Roll of Attorneys; to the Disciplinary Commission; and to all other entities entitled to notice under Admission and Discipline Rule 23, section 3(d).

All Justices concur.

■

### In the Matter of: George M. STRECKFUS.

### No. 22S00–0605–DI–178.

Supreme Court of Indiana.

March 9, 2007.

*ORDER CONVERTING SUSPENSION FOR NONCOOPERATION WITH THE DISCIPLINARY PROCESS TO INDEFINITE SUSPENSION*

On July 18, 2006, pursuant to Indiana Admission and Discipline Rule 23, section

10(f), this Court suspended Respondent from the practice of law in this State for failing to cooperate with the Disciplinary Commission concerning a grievance filed against Respondent. The Disciplinary Commission has now moved to convert Respondent's suspension to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23, section 10(f)(4). Respondent has not responded to the Commission's motion to convert the current suspension.

The Court finds that more than six months have passed since Respondent was suspended due to noncooperation with the disciplinary process. Accordingly, the Court concludes that Respondent's suspension should be converted to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23, section 10(f)(4).

IT IS THEREFORE ORDERED that Respondent's current suspension from the practice of law for failure to cooperate with the disciplinary process is converted to an indefinite suspension, effective immediately. To be readmitted to the practice of law in this State, Respondent must successfully petition this Court for reinstatement pursuant to Admission and Discipline Rule 23, section 4.

The Clerk of this Court is directed to forward notice of this order to Respondent by certified mail, return receipt requested, at his address as reflected in the Roll of Attorneys; to the Disciplinary Commission; and to all other entities entitled to notice under Admission and Discipline Rule 23, section 3(d).

All Justices concur.

**Frankie SALYERS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 20S00–0509–CR–412.

Supreme Court of Indiana.

March 13, 2007.

